IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-00312-BNB-KMT

MICHAEL SALVATORE,

Plaintiff,

v.

IAN MICHAEL PINGEL, as an individual, and
FOUR WINDS, INC./PEOPLE'S CHOICE TRANSPORTATION, INC.,

Defendants.
_____

**ORDER**
_____

This matter is before me on **Defendants' Opposed Motion for Rule 35 Examinations of Plaintiff** [Doc. # 54, filed 10/9/2008] (the "Motion for Examination"), which is DENIED.

This is a personal injury case stemming from an automobile/motorcycle accident. A scheduling conference was held on May 7, 2008, and a Scheduling Order [Doc. # 22] was entered. The Scheduling Order allowed more than seven months for discovery and imposed expert deadlines of September 15, 2008, for plaintiff's experts; October 15, 2008, for defendants' experts; and November 7, 2008, for rebuttal experts. The Scheduling Order also set a settlement conference for September 18, 2008.

The settlement conference occurred as scheduled. After it was unsuccessful, however, the defendants moved to extend the expert disclosure dedadlines and the discovery cut-off. I found that the defendants had failed to establish good cause to extend those deadlines because the defendants' strategy of delaying discovery for four months (from May until September 2008) to see whether a settlement conference would be successful offered no basis for finding that the

defendants acted with reasonable diligence and that the discovery deadlines could not have been met despite the defendants' diligent efforts. Order [Doc. # 53, filed 10/7/2008] at p.3. I also found that the defendants, if they had exercised reasonable diligence, had sufficient time to conduct all of the discovery necessary to prepare this case for trial during the schedule established in the Scheduling Order and without the necessity of an extension of the discovery deadlines. Id.

The Motion for Examination is an attempted second bite at the apple. Although couched as a motion for a Rule 35 examination, the defendants also are seeking, sub silentio, to extend the expert disclosure deadlines. I say this because the last possible expert deadline for the designation of experts, which may or may not be available to the defendants, requires the disclosure of "rebuttal experts" by November 7, 2008. Scheduling Order [Doc. # 22, filed 5/7/2008] at pp.6-7. The independent medical examinations ("IMEs") requested by the defendants are not scheduled to occur until November 17, 2008,[1] and expert reports on those IMEs could not be disclosed until some time thereafter. Consequently, the defendants necessarily are seeking an extension of the expert witness deadlines, which I previously denied.

Nor is there any greater cause shown now to justify an extension than was demonstrated and rejected in connection with the defendants' previous Motion for Extension. It is still the case that the defendants waited more than four months before undertaking discovery or requesting medical examinations of the plaintiff. No good cause for that extended delay has been shown. Once the defendants decided to seek examinations, they selected a doctor who was

---

[1] At argument on the Motion for Examination, defense counsel stated that November 17, 2008, is the first date their chosen doctor is available.

not available to perform the IME until after the expert deadlines had expired. No justification for that decision is offered.

IT IS ORDERED that the Motion for Examination is DENIED.

Dated November 5, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge